[Civ. No. 15831. Second Dist., Div. Two. June 10, 1947.]

ROY B. SAND, Appellant, v. T. T. CLARKE, Respondent.

Desser, Rau & Christensen for Appellant.

Charles W. Cradick for Respondent.

WILSON, J.—This action was prosecuted to recover damages for alleged violation of the provisions of the Emergency Price Control Act of 1942 (56 Stat. L. 23; 50 U.S.C.A. App. 901) and regulations adopted pursuant thereto. From a judgment in favor of defendant plaintiff has appealed.

The complaint alleges that on or about July 12, 1945, defendant sold and delivered to plaintiff, "for his own use and consumption and not in the course of trade or business, a used airplane, powered with a single engine of not more than 500 horsepower which had been used other than for the purpose of sale," the same being a "1941 Aeronca Model Chief, bearing Manufacturer's Serial No. LB 12461, with a Lycoming engine," for the total price of $2,400. It is further alleged that under the regulations then in force the maximum price that defendant could have charged plaintiff for the airplane was $1,226.20, and that the excess charge was $1,173.80. Plaintiff sought judgment for treble the amount of the overcharge. The answer denied all allegations in the complaint except that the sale of the airplane was admitted.

 The court found that the allegations of the complaint were untrue and appellant contends that the evidence does not sustain the finding. The conditional sale agreement evidences the sale by defendant to plaintiff of a used airplane having the description set forth in the complaint. The regulations of the Office of Price Administration in force at the time of the sale fixing the maximum prices at which new and used airplanes were permitted to be sold were received in evidence. These regulations after listing numerous aircraft and maximum prices for new planes contain an intricate formula by which the prices of used planes were to be computed, using the price of new planes of the same model as a basis. The regulations contain a list of aircraft designated by various names and models, including 31 models of Aeronca airplanes, but one answering to the description involved in

this action does not appear. In the list of Aeronca planes there is Model "65-CA Super Chief, Stand.," and a "65-LB Super Chief, Stand.," each with a Lycoming engine, but none designated as "Chief." There is no evidence that an error occurred in the description contained in the sale contract nor is there evidence that the airplane purchased by plaintiff was one of the Super Chief models referred to in the regulations.

The regulations provide that if no price is listed for the airplane sold the seller should find the price listed for the nearest equivalent airplane of the same make. An "equivalent" is defined as "one that is similar to the one being priced in size, equipment, power, condition and ability to function." No evidence was offered to show that the airplane purchased by plaintiff was the equivalent, as defined in the regulations, of any airplane listed therein.

Section 1.2 of the regulations relates to used airplanes and applies to sales of any such craft as is powered with a single engine of more than 500 horsepower "that has been used other than for the purpose of sale." There is no evidence of the purpose for which the airplane purchased by plaintiff had been previously used. Plaintiff offered no evidence as to the manner in which he computed or arrived at the amount of the alleged excess charge made by defendant, even assuming that the airplane in question was a model listed in the regulations or one equivalent to a listed model.

Two elements of the formula prescribed for computing the maximum price of used aircraft are (1) the number of years from the date of acquisition by the original purchaser when new to the date of sale, and (2) the number of hours of normal engine wear since the last overhaul. There was no evidence as to either of these factors. ■ Plaintiff offered in evidence photostatic copies of what purported to be a partial log of the airplane and a partial log of the engine. They were rejected on defendant's objection that the logs were not complete and were not properly identified. There was no error in the ruling.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.